UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| GARY JOUBERT f/n/f IAN JOUBERT and IAN JOUBERT, INDIVIDUALLY<br>Plaintiffs<br><br>vs.<br><br>MICHAEL W. DELAHANTY, SUPERINTENDENT, SALEM SCHOOL DISTRICT<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>NO. 7-CV-182-JL |

PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)

Pursuant to Fed. R. Civ. P. 26(c), this Court hereby issues the following order regarding discovery in this case:

    A.    Discovery may require production of documents or information which the Family Educational Rights and Privacy Act (hereinafter "FERPA") 20 U.S.C. §1232g and 34 C.F.R. Part 99 identifies as "education records." 34 C.F.R. § 99.3.

    B.    FERPA provides generally that educational institutions may not produce education records to a third party without first obtaining a student's or the parents of a minor student's consent. 34 C.F.R. § 99.30. FERPA includes an exception, however, which provides that an educational institution may produce education records without first obtaining the consent of the individuals whose personal information may be released if the School District acts pursuant to a Court order. See 34 C.F.R. § 99.31(a)(9).

      C.      When acting pursuant to a Court order, FERPA requires that the School District must first provide each student or parents of a minor student whose personal information may be released notice of the Court's order and the school's intent to comply with it.  See 34 C.F.R. § 99.31(a)(9)(ii).

      D.      On or before April 10, 2008, the School District's counsel shall identify the individuals whose education records or personal information may be released through documents requested through discovery and shall make a reasonable effort to notify the parent of each identified student and/or parent, if applicable.  Said notice shall advise of the docket number of this proceeding, shall contain a copy of this Order, and shall provide the Court's address, and explain that an individual who object to this Order may seek protective action by notifying the School District on or before April 24, 2008.

      E.      Counsel for the School District shall produce in an unredacted format by May 5, 2008 all documents for which no objection has been received.

      F.      Counsel for the Jouberts shall receive these documents and maintain them in a confidential manner and not disclose the information contained therein to anyone other than the parties, their counsel, individuals retained by and/or working for counsel, the Court, and any experts involved in this litigation.  Copying will be limited and to the extent copies are made, all copies shall be protected and shall comply with this Order.

      G.      Any documents herein disclosed, if filed with the Court, shall be filed under seal.

      H.      If the parties receive an objection to disclosure, the School District's counsel shall promptly notify the Court and request a ruling with respect to disclosure.

I. All documents herein disclosed, and any copies thereof (in accordance with paragraph G) shall be returned to the School District within sixty (60) days of this Court entering final judgment in this case or thirty (30) days from the date final judgment is entered in the final appeal in this case.

Date: April 7th, 2008          So Ordered: /s/ Joseph N. Laplante
                                            Honorable Joseph N. LaPlante